SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court and may not summarize all portions of the opinion.

**State v. Donnie E. Harrell (A-13-23) (088412)**

**(NOTE: The Court did not write a plenary opinion in this case. The Court affirms the judgment of the Appellate Division substantially for the reasons expressed in Judge Rose's opinion, 475 N.J. Super. 545 (App. Div. 2023).)**

**Argued February 26, 2024 -- Decided March 26, 2024**

**PER CURIAM**

In this appeal, the Court considers the Appellate Division's determination that the admission of a child's entire video-recorded statement at trial does not violate the Confrontation Clause if the child testifies at trial that she is unable to recall all but one incident of alleged sexual assault described in the statement.

In March 2016, the then eight-year-old child disclosed to a detective during an interview that her music teacher, defendant Donnie E. Harrell, touched her "private parts," buttocks, "and thighs over her clothing on more than one occasion . . . during school hours." 475 N.J. Super. 545, 551-52 (App. Div. 2023). She also said that "defendant placed her hand 'on his private parts' over his clothing." Id. at 552. Three years later, in June 2019, a grand jury indicted defendant for sexual assault and endangering the welfare of a child between September 2015 and March 2016. A superseding indictment in December 2019 added official misconduct charges.

In October 2021, the trial court granted the State's motion to admit the child's entire recorded statement under the "tender years" hearsay exception, N.J.R.E. 803(c)(27)(c)(i), finding the statement trustworthy and noting that the child would testify at trial. While preparing for trial in 2022, the child could "not recall most of the events she had reported to" the detective six years earlier. 475 N.J. Super. at 552. According to the State, the child remembered the incident when "[d]efendant took her hand and put it on his private part" but "did not recall other incidents."

After the child testified at a hearing, the trial court granted defendant's motion to limit her trial testimony to the one allegation she recalled and directed that the recorded statement be redacted accordingly. The court found that "the child's lack of memory rendered her unavailable for cross-examination on the incidents she could not recall, thereby violating defendant's right of confrontation." Id. at 551.

1

The Appellate Division reversed, holding that "defendant's right of confrontation is not violated by admission of the child's entire videorecorded statement under N.J.R.E. 803(c)(27), previously deemed trustworthy by the court, provided the victim testifies at trial and is subject to cross-examination." Ibid. Under the Confrontation Clause, testimonial hearsay statements offered against a defendant in a criminal prosecution are precluded if the defendant does not have the opportunity to cross-examine the declarant. Id. at 558-59. Quoting United States v. Owens, 484 U.S. 554, 558 (1988), the court noted that "[t]he Confrontation Clause includes no guarantee that every witness called by the prosecution will refrain from giving testimony that is marred by forgetfulness, confusion, or evasion" but "is generally satisfied when the defense is given a full and fair opportunity to probe and expose these infirmities through cross-examination." 475 N.J. Super. at 560.

In this case, it is undisputed that the child's video-recorded statement was testimonial. Id. at 559. The Appellate Division determined that "defendant's right of confrontation is not dependent on [the child's] ability to recall the details, but rather, on defendant's opportunity to probe her lack of recollection on cross-examination." Id. at 564. Because the State intends to call the child as a trial witness, the Appellate Division stated that the jury can assess her credibility and determine what, if any, weight to ascribe to her testimony. Id. at 565.

The Appellate Division also rejected defendant's evidentiary arguments that the child's inability to recall certain alleged incidents meant she lacked the necessary personal knowledge to testify to those incidents or was unavailable. Id. at 565-67. The appellate court concluded that the child's answers at the pre-trial hearing established she was not unresponsive and recalled some details about the underlying events. Ibid. The Court granted leave to appeal. 255 N.J. 424 (2023).

**HELD:** The judgment of the Appellate Division is affirmed substantially for the reasons expressed in Judge Rose's opinion. The Court adds one additional point.

1. Defendant did not challenge the three-year delay between the child's interview and the return of the original indictment. The Court has no way to assess the reason for the delay and does not suggest that the delay violated defendant's rights. A lengthy delay in a future case, however, might prompt a legal challenge. As a result, it is incumbent on the State to act expeditiously as it investigates and prosecutes matters that rely heavily on a young child's ability to recall events. (p. 4)

**AFFIRMED.**

**CHIEF JUSTICE RABNER and JUSTICES PATTERSON, SOLOMON, PIERRE-LOUIS, WAINER APTER, FASCIALE, and NORIEGA join in this opinion.**

2

# SUPREME COURT OF NEW JERSEY
## A-13 September Term 2023
## 088412

State of New Jersey,

Plaintiff-Respondent,

v.

Donnie E. Harrell,

Defendant-Appellant.

On appeal from the Superior Court,
Appellate Division, whose opinion is reported at
475 N.J. Super. 545 (App. Div. 2023).

| Argued | Decided |
|---|---|
| February 26, 2024 | March 26, 2024 |

Annette Verdesco argued the cause for appellant (Caruso Smith Picini, attorneys; Timothy R. Smith, of counsel, Steven J. Kaflowitz, of counsel and on the briefs, and Annette Verdesco, Joshua M. Forsman, and Zinovia H. Stone, on the briefs).

Milton S. Leibowitz, Assistant Prosecutor, argued the cause for respondent (William A. Daniel, Union County Prosecutor, attorney; Milton S. Leibowitz, of counsel and on the briefs).

Claude Caroline Heffron argued the cause for amicus curiae Association of Criminal Defense Lawyers of New Jersey (Pashman Stein Walder Hayden, attorneys; Claude Caroline Heffron, CJ Griffin, and Katherine Beilin, on the brief).

Thomas M. Caroccia, Deputy Attorney General, argued the cause for amicus curiae Attorney General of New Jersey (Matthew J. Platkin, Attorney General, attorney; Thomas M. Caroccia, of counsel and on the brief).

PER CURIAM

This appeal involves a challenge to the admissibility of a video-recorded statement given by a child. A detective interviewed the child in March 2016 when she was eight years old. She disclosed that her music teacher, defendant Donnie Harrell, touched her "private parts," buttocks, "and thighs over her clothing on more than one occasion . . . during school hours." State v. Harrell, 475 N.J. Super. 545, 551-52 (App. Div. 2023). She also said that "defendant placed her hand 'on his private parts' over his clothing." Id. at 552.

Three years later, in June 2019, a grand jury in Union County indicted defendant on charges of sexual assault and endangering the welfare of a child during the period from September 1, 2015 through March 23, 2016.[1] Six months after the initial charges, the grand jury returned a superseding indictment that added official misconduct charges.

---

[1] The indictment also contains separate allegations that involve a second victim. The sexual assault and endangering charges related to the second child focus on the period from September 1, 2014 through March 23, 2016. Those charges are not part of this appeal.

2

In April 2020, the State moved to admit the child's statements under the "tender years" exception to the hearsay rule, N.J.R.E. 803(c)(27)(c)(i). After an evidentiary hearing conducted during the pandemic, in 2021, the trial court issued a detailed written opinion and granted the motion.

While preparing for trial in the summer of 2022, the child could "not recall most of the events she had reported to" the detective six years earlier. Harrell, 475 N.J. Super. at 552. The prosecution notified defense counsel of the development by letter. According to the State, the child remembered the incident when "[d]efendant took her hand and put it on his private part" but "did not recall other incidents of sexual conduct."

Defendant then moved to limit the child's testimony at trial. After a hearing at which the child testified, the trial court granted the motion. The court concluded that "the child's lack of memory rendered her unavailable for cross-examination on the incidents she could not recall, thereby violating defendant's right of confrontation." Id. at 551. The court therefore limited her testimony to the one allegation she recalled and directed that the video-recorded statement be redacted accordingly. Id. at 550-51.

The Appellate Division reversed. It held that "defendant's right of confrontation is not violated by admission of the child's entire videorecorded statement under N.J.R.E. 803(c)(27), previously deemed trustworthy by the

3

court, provided the victim testifies at trial and is subject to cross-examination." Id. at 551. We affirm the judgment of the Appellate Division substantially for the reasons expressed in Judge Rose's thoughtful opinion.

We add one additional point. It is no surprise that a young child may have difficulty remembering a traumatic episode alleged to have taken place years earlier. Cf. State v. Henderson, 208 N.J. 208, 267 (2011) (discussing memory decay). In this case, more than three years elapsed between the date the detective interviewed the child and the return of the original indictment. Defendant did not challenge the delay, and we have no way to assess the reason for it. Nor do we suggest that the delay here violated defendant's rights. A lengthy delay in a future case, however, might prompt a legal challenge. As a result, it is incumbent on the State to act expeditiously as it investigates and prosecutes matters that rely heavily on a young child's ability to recall events.

CHIEF JUSTICE RABNER and JUSTICES PATTERSON, SOLOMON, PIERRE-LOUIS, WAINER APTER, FASCIALE, and NORIEGA join in this opinion.